**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30073 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00092-BLW-1 |
| v. | |
| MARK PERRY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted March 4, 2010
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

Mark Perry appeals the denial of safety valve protection under 18 U.S.C. §

3553(f) based on a finding that he credibly threatened an informant. We affirm.

In order to avoid an unnecessary constitutional question, we assume for the

sake of argument that the First Amendment applies to all aspects of sentencing and

that a defendant therefore cannot be denied safety valve eligibility on the basis of a

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

"credible threat[] of violence," 18 U.S.C. § 3553(f)(2), unless the defendant subjectively intends "to communicate a serious expression of intent to commit an act of unlawful violence to a particular individual or group of individuals." *United States v. Cassel*, 408 F.3d 622, 631 (9th Cir. 2005) (internal citations and quotation marks omitted). Although the district judge applied a standard that was objective in part, he also found that Perry intentionally threatened a confidential informant in order to dissuade her from working with police in the future.

The finding of an intentional threat was not clearly erroneous under the subjective standard. Perry conceded at argument that the burden of proof to establish all aspects of safety valve eligibility rests on the defendant. *See United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996). As revealed by the audio tape, immediately after the informant declined to use meth with Perry he asked her if she was wearing a wire and said that if she were, he would "fucking kill" her. There was evidence that it was a widely known local law enforcement policy that informants are not permitted to use meth during controlled purchases. Moreover, the informant had laid out plans for future drugs sales, so it was not unreasonable for the district judge to find that Perry intended to dissuade her from cooperating with the police.

**AFFIRMED.**

2